UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ADRIAN LANDERS,<br>Defendant. | Case No. 08-cr-00576-PJH-1<br>**ORDER DENYING EX PARTE APPLICATION FOR TRIAL COURT TO REVOKE PROBATION AND INVOKE SENTENCE**<br>Re: Dkt. No. 46 |

Before the court is the application of defendant Adrian Landers, currently incarcerated in state prison, for issuance of an order revoking probation and imposing a sentence concurrent with his current sentence, which is construed as a request to appear in federal court for revocation of supervised release and to be sentenced to a term concurrent with the state sentence that he is currently serving. Dkt. 46.

On April 1, 2009, defendant was convicted in the above-captioned case of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 46 months of imprisonment, three years of supervised release, $6,000.00 fine and $100 special assessment. On June 20, 2012, defendant was convicted in case number CR-11-890-EMC on a single count of being a felon in possession, and was sentenced to 39 months in custody, three years of supervised release, and $100 special assessment. In March 2015, defendant was charged with violating supervised release in both cases, which were related for disposition of the alleged violations. On May 27, 2015, upon finding a violation of supervised release, the court revoked supervised release and sentenced defendant to 18 months in custody and 18 months of supervised release. Dkt.

43. The Bureau of Prisons inmate locator indicates that defendant was released from custody on July 1, 2016.

Defendant now represents that he has been in state custody since March 31, 2018, with an anticipated release date of December 12, 2024. Defendant also states that a detainer was placed on January 31, 2019. Dkt. 46 at 3. He seeks a hearing in this court on revocation of supervised release and imposition of a federal sentence to run concurrent with his state sentence. Defendant's due process right to timely proceedings for revocation of supervised release is not triggered by his arrest or incarceration on state criminal charges. Where, as here, no federal warrant on a supervised release violation has been executed, due process concerns "are not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release." *United States v. Wickham*, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). *See United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (holding that a district court may postpone the federal adjudication of alleged supervised release violations until after the defendant is released from state custody). Because defendant is not entitled to have the court adjudicate the alleged violations of his conditions of supervised release while he is in state custody, his motion to revoke supervised release and impose sentence concurrent with his state prison term is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge